Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| RODOLFO LÓPEZ MORALES<br><br>Recurrido<br><br>v.<br><br>TRADEWIND AVIATION, LLC<br><br>Peticionario | KLCE202400428 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>BY2023CV06932<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80), Ley de Represalia en el Empleo (Ley Núm. 115-1991), Procedimiento Sumario Bajo Ley Núm. 2 |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Tradewind Aviation, LLC presentó ante este Tribunal de Apelaciones un *Recurso de Certiorari* el 12 de abril de 2024. En este, solicitó la revocación de la *Resolución* emitida y notificada el 2 de abril del mismo año por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante TPI o foro primario). Allí, el TPI rechazó la petición de la peticionaria para que se levantara la anotación de rebeldía dictaminada en su contra en el caso.

Examinado el recurso, resolvemos denegar el auto de *certiorari* solicitado.

I

El 11 de diciembre de 2023, el Sr. Rodolfo López Morales (en adelante, recurrido) instó una *Querella* por despido injustificado y por represalias al amparo del procedimiento sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118, *et*

*seq.* El 15 de febrero del año en curso, el recurrido presentó en el caso una *Moción Solicitando Anotación de Rebeldía* en la que indicó que la peticionaria había sido emplazada y que había vencido el término dispuesto en ley para que compareciera a defenderse, por lo que debía anotársele la rebeldía. Ese día, el TPI le anotó la rebeldía a la peticionaria.

El 22 de marzo de 2024, la Tradewind sometió *Moción Juramentada Solicitando se Deje sin Efecto Orden sobre Anotación de Rebeldía y en Solicitud de Vista Evidenciaria.*[1] En su escrito, reclamó no haber sido emplazada la querella conforme a derecho, por lo que sostuvo debía dejarse sin efecto la anotación de rebeldía resuelta en el caso. Además, solicitó que se celebrara una audiencia evidenciaria en cuanto a la corrección y validez del emplazamiento.

El 25 de marzo de 2024 el TPI señaló vista en rebeldía para el 29 de abril de 2024. El 27 de marzo del mismo año, el recurrido se opuso al relevo de anotación de rebeldía. El 2 de abril del año en curso, el foro primario emitió la *Resolución* recurrida. Inconforme, la peticionaria solicitó urgentemente la reconsideración. El 9 de abril, el foro primario, la denegó, por lo que el día 12 Tradewind compareció ante nos. Al así hacerlo, como único señalamiento de error aduce que incidió el TPI:

> "[a]l anotar la rebeldía a la querellada-peticionaria sin tener jurisdicción sobre dicha parte y sin que, por lo tanto, hubiera expirado el término para contestar la querella, utilizando el criterio legal incorrecto y, a su vez, obviando los hechos incontrovertibles establecidos en la [m]oción [j]uramentada y afectando el derecho al debido proceso de ley de Tradewind.

Atendido el recurso, el 17 de abril de 2024, emitimos *Resolución* en la que concedimos al recurrido 10 días para presentar la oposición al recurso. El 23 de abril de este año, en cumplimiento con lo ordenado, este sometió *Oposición a Certiorari*.

Con el beneficio de todas las partes, procedemos a resolver.

---

[1] En esa fecha, también sometió su *Contestación a Querella*. Al peticionar el levantamiento de la anotación de rebeldía

II

-A-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

-B-

El emplazamiento tiene el propósito primordial de notificar de forma sucinta y sencilla a la parte demandada, que existe una acción en su contra para así garantizarle la oportunidad de comparecer en el juicio, ser oído y presentar prueba en su defensa. Torres Zayas v. Montano Gómez et als., 199 DPR 458, 467 (2017), Este mecanismo procesal le permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que éste quede obligado por el dictamen que finalmente emita. Bernier González v. Rodríguez Becerra, 200 DPR 637, 644 (2018); Torres Zayas v. Montano Gómez et als. *supra*, pág. 467.

Para que se adquiera jurisdicción *in personam* sobre una parte, se requiere que el demandado sea notificado adecuadamente de la demanda en su contra. Bernier González v. Rodríguez Becerra, *supra*. Por tanto, no es hasta que se logra diligenciar el emplazamiento y se adquiere jurisdicción sobre la persona, que esta puede ser considerada propiamente parte; aun cuando, "haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal". Torres Zayas v. Montano Gómez et als., *supra;* Sánchez Rivera v. Malavé Rivera, 192 DPR 854 (2015). La falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. Dicho de otro modo, toda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional. Torres Zayas v. Montano Gómez et als., *supra,* págs. 468-469.

La Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R 4.4, dispone en su inciso (e) la manera en que podrá diligenciarse un emplazamiento dirigido a una corporación. Así, la misma establece que una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica se

emplazará entregándosele copia del emplazamiento y de la demanda "a un o una oficial, gerente administrativo, agente general o cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos.".

En cuanto a las personas a través de las cuales se puede emplazar a una corporación se ha resuelto que estas deben estar en una posición de suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda" Rivera Torres v. Díaz López, 207 DPR 636 (2021) al citar a Quiñonez Román v. Cía ABC, 152 DPR 367 (2000). Así, por ejemplo, en León v. Rest. El Tropical, 154 DPR 249 (2001), se resolvió que un patrono queda emplazado conforme a derecho cuando se entrega el emplazamiento a la persona que está a cargo del negocio. En ese caso particular, se trataba de la administradora del restaurante en el cual trabajaba el querellante.

### III

Según arriba expusimos, Tradewind reclama que fue errada la determinación del foro primario de negarse a levantar la anotación de rebeldía dictaminada en el caso. Por consiguiente, el recurso de epígrafe trata de una de aquellos asuntos limitados mediante los que, en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* a modo de excepción, podríamos expedir el auto discrecional del *certiorari.* En este, y a los efectos de demostrar la procedencia de su reclamo, la peticionaria asevera que el diligenciamiento del emplazamiento en el caso fue efectuado en una persona incorrecta no autorizada en ley para recibir el documento, por lo que se debió levantar la anotación de rebeldía, aceptar su alegación responsiva y continuarse los procedimientos de rigor.

El argumento de la peticionaria se centra en que el Sr. Samuel Pérez, quien ocupa el puesto de *Station Supervisor*, fue la persona a la que se le hizo

entrega del emplazamiento y la reclamación y que éste no había sido autorizado por el Sr. José Vallecillo, *Caribbean General Manager*, para ello. Discute, además, que las funciones del señor Pérez están enfocadas en las operaciones diarias, que este no ejerce funciones administrativas o corporativas, que no está autorizado para representar o comprometer a Tradewind y que ni siquiera conoce del proceso para recibir emplazamientos o las implicaciones legales de dicho documento.

Ante estos argumentos, afirma que es evidente en el caso de las funciones y responsabilidades del Sr. Samuel Pérez, que este carece de la autoridad representativa que nuestro ordenamiento jurídico requiere en cuanto a la persona sobre la cual se diligenciará el emplazamiento de una corporación. En apoyo a sus planteamientos, persuasivamente cita varias decisiones de este Tribunal de Apelaciones en las cuales se evaluó una controversia similar a la que hoy tenemos frente a nos.

El recurrido, por su parte, afirma que nuestro ordenamiento jurídico sobre el emplazamiento y la jurisprudencia interpretativa de éste demuestran que el emplazamiento en el caso fue uno adecuado, por lo que era improcedente el señalamiento de error levantado.

Luego de examinar detenidamente los reclamos de la parte peticionaria y evaluar detenidamente los pormenores de la controversia, no identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento como guías para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto. Siendo ello así, denegamos la expedición del auto de *certiorari* solicitado.

Previo a concluir, advertimos que lo aquí resuelto no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho

planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior al juicio. Esto es así, ya que, como es sabido, una resolución denegatoria de un auto de *certiorari* ni implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso. La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el tribunal de instancia. Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 12 (2016) al citar a Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755 (1992) y otros.

IV

Por las razones antes expresadas, denegamos la expedición del auto de *certiorari* solicitado por Tradewind Aviation, LLC.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones